IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY SHATTIL and ROBERT ROZINSKI,<br><br>    Plaintiffs,<br><br>    *v.*<br><br>DONALD J. TRUMP FOR PRESIDENT, INC. and<br><br>DOES 1-10,<br><br>    Defendants. | Civ. Act. No.  16 CV 2162 |

**COMPLAINT**

Plaintiffs Wendy Shattil ("Shattil") and Robert Rozinski ("Rozinski", and together with Shattil, the "Plaintiffs"), by and through their counsel of record BRESSLER LAW PLLC, allege for their Complaint against the Defendants as follows:

**Nature of the Action**

1. This is a civil action against the Defendants for wrongful acts of copyright infringement (U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*).

**The Parties**

2. Plaintiffs are individuals who reside, and at all times relevant to this Complaint did reside, in Denver, Colorado.

3. On information and belief, Defendant Donald J. Trump for President, Inc. ("Trump for President, Inc.") is a Virginia corporation maintaining its principal place of business at 725 Fifth Avenue, New York, NY 10022.  On information and belief as informed by online records furnished by the State Corporation Commission of the Commonwealth of Virginia,

Defendant Trump for President, Inc.'s agent CT Corporation System may be served legal process at 4701 Cox Rd., Ste 285, Glen Allen, VA 23060.

4. On information and belief, one or more of Does 1-10 are the agent, affiliate, officer, director, manager, principal, partner, joint venturer, joint actor, alter ego, hired contractor, website creator, website developer, content manager, content licensor, printer, printing house, publisher, graphic artist, and/or employee of Defendant Trump for President, Inc. Plaintiffs do not know the true names of Defendant Does 1 through 10, inclusive, and therefore identifies them as defendants herein by those fictitious names. Plaintiffs are informed, believe, and accordingly allege that each of the Does 1 through 10 is in some manner liable for Plaintiffs' claims and proximately caused Plaintiffs' damages.

## Jurisdiction and Venue

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. § 501(a), as this action alleges infringement of registered U.S. copyright rights, 17 U.S.C. § 101 *et seq*.

6. This Court has personal jurisdiction over Defendant Trump for President, Inc. because it does business and/or transacts business within the State of New York. Defendant Trump for President, Inc. has conducted tortious acts of infringement in the Southern District of New York, conducted acts directed at this District, and/or transacted or done business within this District. In addition, or in the alternative, because Defendant Trump for President, Inc. has a principal place of business within this District, Defendant Trump for President, Inc. is "at home" in this District.

7. On information and belief, each of Does 1-10 does business and/or transacts business within the State of New York and within this District, has conducted tortious acts of

infringement in the Southern District of New York, and has conducted acts directed at this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c)(2), and/or 1400(a) because, among other reasons, at least one Defendant is subject to personal jurisdiction in this District. Defendant Trump for President, Inc. can be found in this District.

**Facts**

Plaintiffs' Iconic Photograph

9. Plaintiffs are full-time professional photographers specializing in nature and wildlife photography. They provide their professional photography services via Shattil/Rozinski Photography, LLC, and they display their photographs for viewing and licensing via their website located at Uniform Resource Locator ("URL") http://dancingpelican.com.

10. Plaintiffs are distinguished and highly respected in their field. For their artistic and professional endeavors, Plaintiffs have received numerous awards and appointments, including:

- GRAND PRIZE, BBC Wildlife Photographer of Year (1990);
- Phillip Hyde Grant for Environmental Photography (2004);
- Denver Audubon Environmental Stewardship Award (2006);
- Texas Valley Land Fund Grand Prize Winners (1996);
- Conservationists of the Year, Colorado Wildlife Federation (1990);
- Best Nature Photographers in Colorado – CBS Denver News (2010);
- First Prize, Golden Artists Festival (2015);

- Best of Show, Evergreen Artists Festival (2010);

- First Prize, Crested Butte Arts Festival (2005);

- First Prize, NATURE'S BEST international competition (2001);

- First Prize, BBC Wildlife Photographer of Year (1987);

- First Prize, National Wildlife Magazine contest (1983);

- Business Partner of the Year, Colorado Wildlife Federation (1996);

- 40 Awards & Medals, Photo Society of America (1972-1980);

- People's Choice Award, Outdoor Writers of America (OWAA) (2000-2002 and 2005);

- "Best of the Best", President's Choice Award – OWAA (1996);

- Past Board Member, North American Nature Photography Association (NANPA) (2000);

- NANPA Outstanding Service Award (2001);

- NANPA Fellowship, honorary professional group (2000); and

- Senior Fellows in the International League of Conservation Photographers (iLCP) (2006).

11. Plaintiffs' photographic images have appeared in virtually every recognized nature and wildlife periodical, including the *National Wildlife*, *Audubon*, *Smithsonian*, *BBC Wildlife*, *Natural History*, *Ranger Rick*, and *National Geographic* publications.

12. In 1980, Rozinski created "Bald Eagle Portrait", an iconic photographic image of a bald eagle (the "Photograph"), a true copy of which is attached as Exhibit 1 to this Complaint. The Photograph captures a piercing, intimate, eye-to-eye moment with this majestic creature with near-perfect symmetry against a flawless sky blue background. It would be difficult, as perhaps an understatement, to recreate such an image given the challenge of replicating and capturing such a fleeting moment in nature. That Rozinski captured this moment at all is remarkable considering that when created, the American bald eagle faced extirpation in North

America due to poisonous DDT pesticide use, among other factors. Not surprisingly, the Photograph earned Rozinski a special commendation in the (1986) BBC Wildlife Photographer of the Year competition. Plaintiffs consider the Photograph to be one of their professional photography signature images, and as such they license its use by others judiciously.

13. The American bald eagle is a universally recognized symbol of national pride. It is the national bird and the national animal since 1782. It is featured on the Great Seal of the United States, the Seal of the President of the United States, on American currency, on the Central Intelligence Agency and Department of Justice logos, and in a broad range of other American iconography. For Americans, the bald eagle evokes feelings of patriotism, liberty, loyalty, courage, and determination. Many businesses and causes use bald eagle images to associate themselves with the positive values symbolized thereby.

14. The Photograph is an original work of authorship, fixed in a tangible medium of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. As such, the Photograph is subject matter protectable under the U.S. Copyright Act.

15. The Photograph is registered with the U.S. Copyright Office. A true copy of U.S. Reg. VA 451-671 for the Photograph, effective February 12, 1991 (the "Certificate of Registration"), is attached hereto as Exhibit 2.

16. Prior to the Defendants' acts alleged in this Complaint, Rozinski assigned to Shattil joint ownership of all copyright rights in and to the Photograph.

The Defendants' Unauthorized Uses of Plaintiffs' Iconic Photograph

17. On February 9, 2016, while watching news coverage of the New Hampshire Republican presidential primary, Plaintiffs became aware of an attendee at a Donald J. Trump presidential campaign rally holding a printed sign promoting Mr. Trump that appeared to incorporate the Photograph.

18. Upon their further review and research, Plaintiffs confirmed that Trump for President, Inc. indeed had used the Photograph prominently and extensively to promote Mr. Trump's candidacy.

19. Plaintiffs never authorized Defendant Trump for President, Inc. or the other Defendants to use the Photograph for any purpose.

20. On information and belief, the Defendants own, operate or participate in the operation of the website hosted at www.donaldjtrump.com (the "Website") and the online store hosted at URL http://shop.donaldjtrump.com/ (the "Trump Online Store").

21. On information and belief, the Defendants used without Plaintiffs' authorization the Photograph to promote the sale of merchandise sold via the Trump Online Store and elsewhere.

22. On information and belief, the Defendants used without Plaintiffs' authorization the Photograph on merchandise sold via the Trump Online Store and elsewhere.

23. On information and belief, the Defendants also used for some or all such purposes one or more versions of the Photograph altered by them.

24. On information and belief, the Defendants created derivative versions of the Photograph to accommodate their graphic design preferences and/or to obscure their unauthorized taking of Plaintiffs' Photograph.

25. For example, the Trump Online Store promoted at least the following three campaign yard sign variants (each, a "<u>Trump Campaign Sign</u>") using the Photograph:

    a.    dtc-yard-egl-wh;

    b.    dtc-yard-slnt; and

    c.    dtc-yard-egl-bl.

26. On information and belief, "DTC" means "Donald Trump Campaign", and "egl" refers to the use of the Photograph.

27. Each of the Trump Campaign Sign styles was available for purchase as a set of two (2) for $22.

28. Attached hereto as <u>Composite Exhibit 3</u> are true copies of screenshots of the Photograph as it was reproduced and displayed publicly on the Trump Online Store, as viewable via standard web browser. For clarity, in that exhibit Plaintiffs have added red outline around uses of the Photograph and/or redacted other content not claimed by them.

29. On information and belief, the Defendants' selection and use of the Photograph's particular bald eagle specimen is deliberate. In addition to the ease with which it can be incorporated into works of graphic design used for signage and other merchandise, Plaintiffs' particular specimen complements the direct and unflinching persona that Mr. Trump seeks to project to the American public.

30. On information and belief, the Defendants have used or might have used the Photograph in other manners and implementations in connection with Mr. Trump's campaign and promotion, all without Plaintiffs' authorization.

The Defendants Incite an Epidemic of Third Party Infringement of the Photograph

31. Presidential campaigns are financed, engineered and executed to induce as many people as possible to nominate and elect its candidate. Especially in the Internet era, viral promotion of candidates is invaluable.

32. Apart from the sale of merchandise to support Mr. Trump's campaign, the Defendants encouraged others to print signs and other materials using designs provided by the Defendants to express their support for Mr. Trump's candidacy, all without Plaintiffs' authorization.

33. The Defendants published content incorporating the Photograph via Internet social media platforms such as Facebook, Twitter, and Pinterest (collectively, the "Internet Social Media Services"), intending that the individuals accessing such content via those services would "share" via Facebook, "retweet" via Twitter, and "pin" via Pinterest that content for subsequent use by others. The effect of this iterated unauthorized reproduction and redistribution is the rampant viral infringement of Plaintiffs' exclusive rights in their Photograph.

34. The Defendants incorporated icons into their Website linking visitors to the Internet Social Media Services to facilitate their unauthorized sharing, retweeting and pinning of the Photograph as part of their campaign materials.[1] *See* Composite Exhibit 4 containing representative examples of the Defendants' use of those icons and the shared content.

35. The Defendants even expressly purported to license their Website visitors to use Plaintiffs' Photograph without Plaintiffs' authorization.

---

[1] *See, e.g.,* https://business.pinterest.com/en/brand-guidelines ("Using the Pin It button: You can add a Pin It button to your site's pages to encourage people to save your content back to Pinterest.")

36. The Trump Online Store Terms and Conditions (the "Trump Store Terms")[2] provide in part: "The entire content included in this [Trump Online Store], including but not limited to […] graphics […] is copyrighted as a collective work under the United States and other copyright laws, and is the property of [Defendant Trump for President, Inc.] […] Permission is granted to […] display and […] download or print portions of the material from the different areas of the site solely for your own non-commercial use[…]." (Emphasis added.) A true copy of the Trump Store Terms as observed on February 25, 2016 are attached hereto, including as an Internet web page screenshot, as Composite Exhibit 5.

37. The terms of service published for each of the Internet Social Media Services incorporate similar licensing permissions flowing from the uploading user to services' other users.[3] Notwithstanding that such licenses are ineffective for the Photograph because Plaintiffs have not authorized the use, users of the services presume (wrongly) that the inclusion of the content on the services gives them the right to share, retweet and pin it for others.

38. On information and belief, many thousands of individuals across the United States are now reproducing, publicly displaying, transmitting, and otherwise using the Photograph as part of Mr. Trump's campaign materials without Plaintiffs' authorization. Such uses occurred nearly daily on national campaign coverage via network and cable television broadcasts and across Internet websites and mobile content, print media and other media.

39. Because the Defendants contributed to and induced such third person infringement of the Photograph and knew or should have known that such third persons would

---

[2] *See* http://shop.donaldjtrump.com/terms.asp.
[3] *See, e.g.,* https://about.pinterest.com/en/terms-service ("You grant Pinterest and its users a non-exclusive, royalty-free, transferable, sublicensable, worldwide license to use, store, display, reproduce, re-pin, modify, create derivative works, perform, and distribute your User Content on Pinterest solely for the purposes of operating, developing, providing, and using the Pinterest Products.").

use the Photograph without Plaintiffs' authorization as the Defendants wanted and encouraged, the Defendants are liable for contributory infringement of the Photograph.

40. On information and belief, because the Defendants have the right to and do exercise control over admission to and conduct within the venues in which Mr. Trump's campaign rallies are conducted, and because the Defendants benefit from others' uses of the Photograph as part of the Trump campaign materials displayed and used therein, the Defendants also are vicariously liable for copyright infringement of the Photograph.

The Defendants Rejected Plaintiffs' Good Faith Efforts to Try to Resolve This Matter Privately

41. On or about February 11, 2016, Plaintiffs' counsel sent a letter to Defendant Trump for President, Inc. advising of its infringement of the Photograph and expressing the Plaintiffs' preference to resolve the matter amicably.

42. The subsequent discussion between counsel for Plaintiffs and counsel for Defendant Trump for President, Inc. did not resolve the matter and did not provide any basis on which Plaintiffs could resolve the matter reasonably.

43. Believing in good faith to have exhausted productive discussions to resolve this matter amicably, Plaintiffs had no avenue remaining but to bring the instant action to recover their damages, costs and a reasonable attorney's fee, as further set forth below.

**FIRST CLAIM FOR RELIEF**
**Direct Copyright Infringement**
**(As Against All Defendants)**

44. Plaintiffs repeat and reallege the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

45. Without the Plaintiffs' authorization or consent, the Defendants reproduced, distributed, publicly displayed, created derivative works, transmitted, and otherwise used the Photograph and/or its original elements, including on the Website and on campaign merchandise, all in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

46. On information and belief, the Defendants' unauthorized uses of the Photograph commenced well after the February 12, 1991 effective date of the Certificate of Registration.

47. On information and belief, the Defendants knew that they did not possess any rights whatsoever to use the Photograph on the Website, on merchandise or otherwise.

48. As a direct and proximate result of the Defendants' copyright infringement, Plaintiffs have suffered and continue to suffer injuries and damages. Plaintiffs are entitled to actual damages and the Defendants' additional profits, direct or indirect, attributable to the Defendants' infringement of the Photograph, pursuant to 17 U.S.C. § 504(b), or if and as Plaintiffs may opt in their sole discretion, statutory damages in an amount of up to $30,000 per work infringed, or $150,000 per work infringed willfully, pursuant to 17 U.S.C. §504(c).

49. Plaintiffs further are entitled to recover a reasonable attorney's fee and full costs pursuant to 17 U.S.C. § 505.

50. On information and belief, the foregoing acts of infringement by the Defendants are willful, intentional, purposeful, and performed with knowledge that the reproduction, public display, transmission and other uses of the Photograph are and were unauthorized by Plaintiffs. Conduct is willful if a copyright infringer knows its conduct infringed copyright or if it acted with reckless disregard for such copyright rights.

## SECOND CLAIM FOR RELIEF
### Secondary Copyright Infringement
### (As Against All Defendants)

51. Plaintiffs repeat and reallege the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

52. The Defendants knowingly induced and encouraged third persons to reproduce, display publicly, transmit, create derivative works based on, and otherwise use the Photograph without the Plaintiffs' consent, including by publicly displaying them at political rallies and otherwise in public view, and by reproducing, displaying publicly and transmitting the Photograph or derivatives via Internet Social Media Services, all without Plaintiffs' authorization.

53. On information and belief, because the Defendants had the right and ability to control third person use of the Website and the Trump Online Store via the Trump Store Terms, and because the Defendants had the right and ability to control third person conduct within the confines of political events and rallies they conducted at which third persons displayed and used the Photograph, and because the Defendants also benefitted commercially and otherwise from such unauthorized third person uses of the Photograph, the Defendants are liable for vicarious infringement of the Photograph.

54. As a direct and proximate result of the Defendants' copyright infringement, Plaintiffs have suffered and continue to suffer injuries and damages. Plaintiffs are entitled to actual damages and the Defendants' additional profits, direct or indirect, attributable to the Defendants' infringement of the Photograph, pursuant to 17 U.S.C. § 504(b), or if and as Plaintiffs may opt in their sole discretion, statutory damages in an amount of up to $30,000 per work infringed, or $150,000 per work infringed willfully, pursuant to 17 U.S.C. §504(c).

55. Plaintiffs further are entitled to recover a reasonable attorney's fee and full costs pursuant to 17 U.S.C. § 505.

56. Plaintiffs are further entitled to recover a reasonable attorneys' fee and full costs pursuant to 17 U.S.C. § 505.

**Prayer for Relief**

**WHEREFORE,** Plaintiffs respectfully request judgment against the Defendants as follows:

    a. declaring the Defendants jointly and severally liable for direct and indirect infringement of Plaintiffs' exclusive copyright rights in and to the Photograph;

    b. enjoining the Defendants from unauthorized reproduction, transmission, distribution, transmission, public display, creation of derivative works, and other uses of the Photograph and/or any of its original elements;

    c. for the Defendants' copyright infringement, awarding Plaintiffs monetary damages in an amount equal to their actual damages plus the Defendants' additional profits attributable to such infringement, in an amount to be determined at trial (17 U.S.C. § 504(a)(1)), or if and as Plaintiffs opt in their sole discretion, statutory damages in an amount of up to $30,000 per work infringed, or up to $150,000 per work willfully infringed, pursuant to 17 U.S.C. § 504(c)(2), plus a reasonable attorney's fee and costs (17 U.S.C. § 505);

    d. compelling the Defendants to account to Plaintiffs for all profits, income, receipts and other benefits derived by the Defendants from the reproduction, distribution, transmission, public display, promotion, and sale of products, services and media that

infringe copyright rights in and to the Photograph (17 U.S.C. §§ 504(a)(1) and 501(b));

and

   e. awarding Plaintiffs such other and further relief as the Court deems just and

proper.


Dated: Pelham, New York  Respectfully submitted,
    March 23, 2016


            /s/ Joshua R. Bressler
            Joshua R. Bressler (JB8780)
            Bressler Law PLLC
            3 West 35th Street, 9th Floor
            New York, NY 10001
            Tel: (917) 969-4343
            Fax: (917) 591-7111

            *Counsel for Plaintiffs*
            *Wendy Shattil and Robert Rozinski*